IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREAT LAKES REINSURANCE (UK) PLC, § § | | |
| Plaintiff § | | |
| § | | |
| v. § | | CA No. 4:14-cv-00855 |
| § | | |
| JDP CM&E LLC and § | | |
| JAMES D. PITCOCK, JR., § | | |
| Defendants § | | |

**DEFENDANTS JDP CM&E LLC AND JAMES D. PITCOCK, JR.'S
RESPONSE TO PLAINTIFF GREAT LAKES REINSURANCE (UK) PLC'S
MOTION FOR SUMMARY JUDGMENT**

Defendants, JDP CM&E LLC ("JDP") and James D. Pitcock, Jr. ("Pitcock"), file this Response to Great Lakes Reinsurance (UK) PLC's Motion for Summary Judgment, stating as follows:

**NATURE AND STAGE OF PROCEEDING**

1. Great Lakes Reinsurance (UK) PLC ("Great Lakes") filed this declaratory judgment action regarding the coverage available under Great Lakes Policy No. CSRYP/142002, with a policy term of June 1, 2013 to June 1, 2014 ("Policy"). In particular, Great Lakes seeks a judicial determination that it owes no obligation to provide coverage for the loss and damage to the M/V Freedom that was caused by a fire that occurred on February 16, 2014. The parties have exchanged their initial disclosures and the Court entered a Briefing Schedule allowing Great Lakes until July 23, 2014 to move for judgment, and providing JDP and Pitcock until July 30, 2014 to respond.

1

## STATEMENT OF ISSUE

2.  <u>Issue</u>:  Whether Great Lakes is entitled to summary judgment on its declaratory judgment claim as to its obligation to provide coverage for the loss and damage to the M/V Freedom, caused by a fire that occurred on February 16, 2014.

3.  <u>Standard of Review</u>:  Great Lakes seeks summary judgment on its claim for declaratory judgment, pursuant to Federal Rule of Civil Procedure 56.  Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  In considering a motion for summary judgment, the Court must view the facts and the inferences from the facts in the light most favorable to the non-moving party. *Firman v. Life Ins. Co. of North America,* 684 F.3d 533, 538 (5th Cir. (Tex.) 2010). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id*.

## SUMMARY OF ARGUMENT

4.  James D. Pitcock, Jr. is entitled to coverage under the Policy's insuring agreement for the loss and damage to the M/V Freedom, because he is the beneficial owner of the M/V Freedom and a named insured on the Policy.  Further, there was no transfer of Mr. Pitcock's beneficial ownership interest prior to the date of the fire.  Therefore, the Policy's transfer of ownership provision does not apply to void the coverage available to Mr. Pitcock for the loss and damage to the M/V Freedom.

## EVIDENCE IN SUPPORT OF RESPONSE

5.  The following exhibits are attached hereto as evidence in support of Defendants' Response to Plaintiff's Motion for Summary Judgment:

    Exhibit A:  Affidavit of Todd Johnson

Exhibit B:     Affidavit of James D. Pitcock, Jr.

## ARGUMENT AND AUTHORITIES

**I.  James D. Pitcock, Jr. is Entitled to Coverage Under the Policy's Insuring Agreement**

6.     James D. Pitcock, Jr. is the beneficial owner of the M/V Freedom and a named insured on the Policy.  Pitcock Affidavit, Ex. B, DEF 025; Policy, GL 0001; Application, GL 0021.[1]  In March 2011, Pitcock purchased a marine yacht insurance policy from Great Lakes to insure his interest in the M/V Freedom.  Pitcock Affidavit, Ex. B, DEF 026.  That policy was renewed annually, and Pitcock has paid the premiums associated with those insurance policies, including the policy with a term of June 1, 2013 through June 1, 2014, which has a premium of $12,590.00.  Pitcock Affidavit, Ex. B, DEF 026; Policy, GL 0001.

7.     On February 16, 2014, a fire caused extensive damage to the M/V Freedom, while at its primary mooring location, Lakewood Yacht Club, in a slip leased by Pitcock.  Johnson Affidavit, Ex. A, DEF 001-002.  James D. Pitcock, Jr. is entitled to coverage for the damage to the M/V Freedom under the Policy's insuring agreement, which states "[t]his is a legally binding insurance contract between you and us, incorporating in full the application form signed by you."  *See* Policy, GL 0004.  The terms "you" and "your" are defined in the Policy as:

> a)     "You and your" refer to the insured named on the declaration page and any person who possesses any legal or beneficial interest in any corporation, trust or entity either declared as the owner of the Scheduled Vessel or as an additional assured.

Policy, GL 0003.

8.     "James D. Pitcock, Jr., Individually," is an insured named on the Policy's declaration page.  Policy, GL 0001.  Therefore, applying the terms of the Policy, the Policy is "a

---

[1] Citations to "GL ____" refer to exhibits attached to Great Lakes' Motion for Summary Judgment.

3

legally binding insurance contract between [Pitcock] and [Great Lakes], incorporating in full the application form signed by [Pitcock]." *See* Policy, GL 0004; *see also,* Application, GL 0024 & 0029.

9. There is no dispute that the fire damage to the M/V Freedom is the type of loss insured under the Policy. Rather, Great Lakes contends that JDP and Pitcock breached the Policy's transfer of ownership provision, thereby cancelling the Policy prior to the date of the fire. However, the Policy is a legally binding insurance contract between Pitcock and Great Lakes, and Great Lakes has presented no evidence that Pitcock has transferred his beneficial ownership interest in the M/V Freedom. In fact, as discussed below, Pitcock has been the beneficial owner of the M/V Freedom since the date of its purchase in February 2011, and he has never given up possession of the vessel. Pitcock Affidavit, Ex. B, DEF 025. Therefore, Pitcock is entitled to coverage under the Policy for the damage to the M/V Freedom, for which he has paid substantial premiums since March 2011.

## II.   No Transfer of James D. Pitcock, Jr.'s Beneficial Ownership Interest

10. Since the date of its purchase in February 2011, James D. Pitcock, Jr. has been the beneficial owner of the M/V Freedom, and he has never given up possession of the vessel. Pitcock Affidavit, Ex. B, DEF 025. A "beneficial owner" has been defined as "[o]ne recognized in equity as the owner of something because use and title belong to that person, even though legal title may belong to someone else." Black's Law Dictionary (9th ed. 2009).

11. It was that beneficial ownership interest that was insured by the Policy. *See* Application, GL 0021. Great Lakes has presented no evidence that Pitcock has sold, pledged, or transferred that ownership interest, or that he has given up possession of the M/V Freedom.

12. In particular, since the date of its purchase in February 2011, and through the date of the fire, the M/V Freedom has been used or operated only at Pitcock's request, and with his express permission. Pitcock Affidavit, Ex. B, DEF 025; Johnson Affidavit, Ex. A, DEF 001. Since its arrival in Texas in March 2011, and through the date of the fire, Pitcock was onboard the M/V Freedom on every "trip" or "voyage" with the following exceptions: delivery trip from Florida to Texas in March 2011, trips to Pier 77 Marine in Galveston for maintenance, maintenance sea trials and trips to the fuel dock. Johnson Affidavit, Ex. A, DEF 001.

13. Since the date of its arrival in Texas in March 2011, and through the date of the fire, the only locations at which the M/V Freedom has been moored are locations that Pitcock owns or rents. Pitcock Affidavit, Ex. B, DEF 025; Johnson Affidavit, Ex. A, DEF 002. Pitcock has incurred all costs associated with those mooring locations, and he has funded all maintenance and repair costs associated with the M/V Freedom since the date of its purchase in February 2011. Pitcock Affidavit, Ex. B, DEF 025; Johnson Affidavit, Ex. A, DEF 002.

14. Since March 2011, and through the date of the fire, Pitcock has required all passengers of the M/V Freedom to sign forms releasing him from liability arising out of the use of the M/V Freedom. Johnson Affidavit, Ex. A, DEF 002; Pitcock Affidavit, Ex. B, DEF 026. In fact, the day prior to the fire two passengers of the M/V Freedom executed such releases. Johnson Affidavit, Ex. A, DEF 002 & 023-024.

15. This evidence establishes that Pitcock was still the beneficial owner of the M/V Freedom on the date of the fire, and that he had not sold, pledged, or transferred that ownership interest, nor had he given up possession of the M/V Freedom. Therefore, the Policy's transfer of ownership provision does not apply to void the coverage available to Pitcock for the loss and damage to the M/V Freedom. It is Pitcock that has incurred, and will in the future incur, all costs

associated with the repair or replacement of the M/V Freedom. Pitcock Affidavit, Ex. B, DEF 026; Johnson Affidavit, Ex. A, DEF 002.

16. As such, the insurance contract between Great Lakes and James D. Pitcock, Jr. should be enforced, so as to require Great Lakes to pay the amount owed on the Policy for the fire damage. Of course, any proceeds paid on the Policy will only go to James D. Pitcock, Jr., Individually, as the beneficial owner and named insured on the Policy. *See* Johnson Affidavit, Ex. A, DEF 002.

### III. No Basis for Great Lakes' Reliance on Claim Leaflet

17. In support of its motion for summary judgment, Great Lakes relies on a "claim leaflet" regarding the sale of the vessel during the policy period. Great Lakes has presented no evidence that the leaflet was provided to James D. Pitcock, Jr., or any other person or entity insured under the Policy. Further, the statement in the leaflet on which Great Lakes relies relates to the sale of the vessel. Leaflet, GL 0017. However, Great Lakes has presented no evidence that the vessel was sold by an insured on the Policy.

18. In addition, the leaflet is not a part of the insurance contract. *See* Policy, GL 0012. In that regard, the Policy states that "[t]his insuring agreement incorporates in full your application for insurance and, together with any endorsements issued herein constitutes the entire contract between us." Policy, GL 0012. Because the leaflet is not part of the application or an endorsement to the Policy, it is not part of the insurance contract. For these reasons, there is no basis for Great Lakes' reliance on the claim leaflet as support for its motion for summary judgment.

### CONCLUSION

19. Great Lakes agreed to provide James D. Pitcock, Jr., as the beneficial owner of the M/V Freedom, coverage for loss or damage to that vessel. Pitcock has been the beneficial

6

owner of the M/V Freedom since the date of its purchase in February 2011, and he has never transferred that ownership interest, nor has he given up possession of the M/V Freedom. Therefore, Great Lakes should not be able to rely on the Policy's transfer of ownership provision to deny coverage for a loss covered under the Policy, and Great Lakes' motion for summary judgment should be denied.

        Respectfully submitted,

        /s/ Charles W. Lyman_____
        Charles W. Lyman
        Federal Bar No. 5532
        Texas Bar No. 12724000
        HARTLINE DACUS BARGER DREYER LLP
        1980 Post Oak Blvd., Suite 1800
        Houston, Texas 77056
        Telephone: (713) 759-1990
        Facsimile: (713) 652-2419
        clyman@hdbdlaw.com

        *Attorneys for Defendants*
        *JDP CM&E LLC and James D. Pitcock, Jr.*

## **CERTIFICATE OF SERVICE**

On July 30, 2014, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*Attorneys for Plaintiff*
*Great Lakes Reinsurance (UK) PLC*
Timothy W. Strickland
Stacey T. Norstrud
4 Houston Center
1331 Lamar, Suite 1560
Houston, Texas  77010

/s/ Charles W. Lyman_____
Charles W. Lyman