IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **GREAT LAKES REINSURANCE (UK) PLC,** | § § § | |
| Plaintiff, | § § | C.A. No. 4:14-CV-00855 |
| | § | Rule 9(h) Admiralty |
| V. | § § | |
| **JDP CM&E LLC, and JAMES D. PITCOCK, Jr.** | § § § | |
| **Defendants** | § § | |

**PLAINTIFF GREAT LAKES REINSURANCE (UK) PLC'S REPLY TO DEFENDANTS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff GREAT LAKES REINSURANCE (UK) PLC (hereinafter referred to as "Great Lakes" or "Plaintiff"), and files this Reply to Defendants' Response to Plaintiff's Motion for Summary Judgment on its Complaint for Declaratory Judgment and in support would respectfully show as follows:

Great Lakes has filed summary judgment on its Complaint for Declaratory Judgment against Defendants seeking judgment and declarations that the Defendants' transfer of ownership of the M/V FREEDOM without prior written approval was a breach of the Policy's Conditions and Warranties, thereby cancelling the Policy. In Response to Great Lakes' Motion, Defendants have alleged that there is coverage under the Policy because Defendant James D. Pitcock maintained a beneficial ownership interest in the vessel. Notably, Defendants have provided no legal authority or support for this allegation. Instead, the clear and undisputed terms of the Policy, as well as the governing case law, provide that the transfer of ownership is a breach of

the contract's warranties and conditions. *Newark Insurance Company v. Blair*, 1994 AMC 1061 (S.D. NY 1993).

In the response, Defendants allege that because the named insured James D. Pitcock retained some beneficial interest in the vessel that coverage is not void under the Policy. In attempt to support these allegations, Defendants have offered affidavits from Todd Johnson and James D. Pitcock. While the affidavits state that James D. Pitcock provided permission for the vessel's operations, was onboard most of the vessel's voyages, rented the slip where the vessel was moored, and has paid for the vessel's maintenance and repairs in the past, those statements, even if all taken as true, do not support Defendants' argument that the Policy was not cancelled by the transfer of ownership. Significantly, the affidavits offered by Defendants nor the Defendants' response to the motion address the transfer of ownership to Todd Johnson which occurred during the Policy period as evidenced in the United States Coast Guard documents. Thus, it is undisputed that during the Policy period, and before the February 2014 fire, there was a transfer of ownership to an individual that was not the named insured or owner of the M/V FREEDOM on the Policy. (See Exhibits D and E to Plaintiff's Motion for Summary Judgment). Despite Defendants' allegations that a named insured retained some beneficial interest in the vessel, this undisputed transfer was sufficient to breach the Policy's conditions and cancel the Policy.

As stated in the motion for summary judgment, the General Conditions & Warranties in the Policy provide, in relevant part:

> f) If you sell or pledge the Scheduled Vessel or otherwise transfer ownership **in part or in full**, or give up possession of the Scheduled Vessel, whether actual or otherwise, this insuring agreement is immediately cancelled by your action unless you have our prior written agreement to the contrary. (**Emphasis Added**)

Therefore, even if Defendants' allegations in their response are taken as true, which is not admitted but expressly denied by Plaintiff, the undisputed transfer of any portion of ownership to the M/V FREEDOM is a breach of the Policy's warranty and conditions for which coverage was cancelled. Moreover, and contrary to Defendants' allegations, the USCG General Index or Abstract of Title states that the Grantor Defendant conveyed 100% of the M/V FREEDOM to the Grantee Todd Johnson on September 18, 2013.

Additionally, Defendants allege in their response that there is "no basis for Great Lakes' reliance on Claim Leaflet." To be clear, Plaintiff's Motion for Summary Judgment and Complaint for Declaratory Judgment do not rely on the claim leaflet. Rather, the motion for summary judgment and declaratory judgment action are based on the application for insurance and the Policy's terms and conditions which irrefutably make up the binding contract between Defendants and Great Lakes. (See also Defendant's Response, para 18). The claim leaflet simply further reiterates and provides notice to the insured of the Policy's relevant terms, conditions and warranties, in stating: "**What if I sell my vessel during the policy period?** This automatically cancels your policy immediately unless you have our agreement to the contrary. You should tell us if you are selling your vessel and upon what date ownership will pass. You will receive an appropriate short rate return of premium. You cannot transfer your insurance with title to your vessel."

The undisputed terms of the Policy and the Defendants' application for insurance, combined with the prevailing legal authority provide the basis for summary judgment and declaratory judgment. The original yacht application lists "JDPCM&E LLC" as the insured and "James D. Pitcock, Jr." as the beneficial owner. The renewal application also lists the assured as "JDPCM&E LLC; James D. Pitcock, Jr., Individual". No other entities or individuals were ever

listed or identified to the Plaintiff as owner(s) of the subject vessel, M/V FREEDOM. (See Exhibit C to Plaintiff's Motion). Therefore, under the Policy's general conditions and warranties, any transfer of ownership, whether in part or full, to Todd Johnson, as an individual not identified in the application or on the Policy as the insured owner, is a transfer of ownership cancelling the Policy.

Despite Defendants' allegation that "Great Lakes has presented no evidence that the vessel was sold by an insured on the Policy", Exhibits D and E in support of the Motion for Summary Judgment provide otherwise. The United States Coast Guard General Index or Abstract of Title dated September 18, 2013 and filed on December 10, 2013 indicates that the assured, JDPCM&E LLC conveyed 100% ownership of the M/V FREEDOM to Todd Johnson via a "Deed of Gift". Additionally, the Texas Parks and Wildlife Department boating registration and title receipt dated October 11, 2013 also shows the ownership transfer of the M/V FREEDOM and the TPWD registration card lists Todd Johnson as the vessel owner. Notably, Defendants' motion for summary judgment and supporting affidavits do not address, nor refute these documents and do not mention or explain Todd Johnson's ownership interest obtained during the relevant Policy period. At best, the response alleges that some type of beneficial interest was retained by one of the insured. However, this is not sufficient allegation to preclude summary judgment under the Policy's terms. Furthermore, Defendants have provided no evidence to support that retaining some beneficial ownership interest is sufficient to preclude the ownership transfer from being a breach of the Policy's warranty regarding same.

Summary Judgment is proper when no genuine issue of material facts exists. *Stewart v. Magnum Transcontinental Corp.,* 81 F. Supp. 753, 755 (S.D. Tex. 2000) Further, only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the

entry of summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 (1986).  Here, even if the allegations and evidence presented by Defendants in opposition to the summary judgment are taken as true, such facts do not provide a basis to overcome summary judgment on the Policy's terms and conditions.  There is no dispute as to the relevant Policy terms and conditions which provide the Policy is transferred by any unapproved full or partial transfer of ownership.  There has also been no evidence to refute the USCG and TPWD evidence of a transfer of ownership (whether a partial or full transfer) during the Policy period.  At most, Defendants have made allegations of a partial beneficial interest that was retained by one of the insured.  However, these allegations are completely unsupported by the evidence, the Policy language, and any legal authority that would preclude the application of the Policy's otherwise valid transfer of ownership condition and warranty.

Thus, there are no genuine issues of material fact and the Policy was cancelled because the transfer of ownership from the Defendants to Todd Johnson, prior to the loss and without the written agreement of Great Lakes, was a breach of the Policy's Warranties and Conditions.  Furthermore, this breach of an express warranty or condition by the insured cancels the Policy under the applicable law.  Accordingly, Plaintiff Great Lakes Reinsurance (UK) PLC respectfully requests that this Court grant summary judgment on Plaintiff's declaratory judgment action, declaring that Insurance Policy No. CSRYP/142002, with a policy term of June 1, 2013 to June 1, 2014 issued by Plaintiff Great Lakes to Defendants JDP CM&E LLC and James D. Pitcock, Jr. was cancelled or otherwise provides no coverage to Defendants based on Defendants' transfer of ownership, whether in full or in part, of the M/V FREEDOM without prior approval, thereby breaching the Policy's Conditions and Warranties.

Respectfully submitted,

By: */s/ Stacey T. Norstrud*
    Timothy W. Strickland
    Federal I.D. No. 13820
    State Bar No. 19396298
    strick@frfirm.com
    Stacey T. Norstrud
    Federal I.D. No. 32013
    State Bar No. 24025363
    sn@frfirm.com
    **FOWLER RODRIGUEZ**
    4 Houston Center
    1331 Lamar, Suite 1560
    Houston, Texas 77010
    Telephone: (713) 654-1560
    Facsimile: (713) 654-7930

    **Attorneys for Plaintiff,**
    **Great Lakes Reinsurance (UK) PLC**

## CERTIFICATE OF SERVICE

    A true and correct copy of the foregoing has been forwarded to the following counsel of record on this the 4th day of August, 2014, via the court's CM/ECF filing system:

Charles W. Lyman
Hartline Dacus Barger Dreyer LLP
1980 Post Oak Blvd., Suite 1800
Houston, Texas 77056
*Attorneys for Defendants JDP CM&E LLC*
*and James D. Pitcock, Jr.*

    */s/ Stacey T. Norstrud*
    Stacey T. Norstrud