| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

| | | |
|---|---|---|
| Great Lakes Reinsurance (UK) PLC, | § § § § § § § § § § § | |
| Plaintiff, | | |
| versus | | Civil Action H-14-855 |
| JDP CM&E LLC, and James D. Pitcock, Jr., | | |
| Defendants. | | |

# Opinion on Summary Judgment

1. *Introduction.*

An insurer sued for a declaration that it is not obliged to pay for a 42-foot power catamaran that burned. Before the fire, the ship owner had transferred it without the written consent of the carrier – an exclusion under the policy. It moved for judgment that it has no liability to provide coverage. It will prevail because the policy was canceled by the surreptitious transfer of ownership before the loss.

2. *Background.*

In 2011, Great Lakes Reinsurance (UK) PLC issued an annual marine insurance policy to James D. Pitcock, Jr., and JDP CM&E LLC covering their ship – the MV *Freedom*. The policy covered the hull, machinery, and personalty. Pitcock and JDP are named as the owners. On the application, Pitcock said he was the beneficial owner and JDP was the insured.

The policy included an exception for the sale or transfer of the vessel; it would be immediately voided unless the insured had Great Lakes's written consent. Without consent, JDP transferred the ship to Todd Johnson.

The ship burned on February 16, 2014, while moored in Seabrook, Texas. That same day, Pitcock notified Great Lakes of the loss and his claim. Great Lakes denied the claim because the policy had been canceled by the transfer in 2013.

3.  *Transfer.*

An insurance policy stops covering property when the property is transferred unless the insurer has given consent.[1] The policy covered Pitcock and JDP – not Johnson. It expressly said that, without written consent before a transfer, the policy's coverage will immediately end. Pitcock concedes that he did not receive consent from Great Lakes.

Pitcock has offered a complicated explanation about why there was no actual transfer because he remains the beneficial owner. An insurer, however, will rely on the title record and not a insured's undisclosed intentions. At the inception of the policy, Pitcock and JDP were part owners and named insureds. Four months before the fire, the record title with the state of Texas and the United States Coast Guard was put in Johnson's name – ending the insurer's coverage.

4.  *Conclusion.*

The insurance policy was canceled when the ship was transferred without the insurer's written consent. James D. Pitcock, Jr., and JDP CM&E LLC will take nothing from Great Lakes Reinsurance (UK) PLC.

Signed on August 12, 2014, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge

---

[1] Place v. Norwich & N.Y. Transp. Co., 118 U.S. 468, 494 (1886).